UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANDACE ANDERSON,

       Plaintiffs,

v.

ENHANCED RECOVERY COMPANY, LLC,
MRS BPO, LLC, and CELLCO
PARTNERSHIP d/b/a VERIZON
WIRELESS,

       Defendants.

_____/

Case No. 15-13732

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT VERIZON WIRELESS'S SECOND
MOTION TO DISMISS DEFENDANT VERIZON WIRELESS,
PURSUANT TO FED. R. CIV. P. 12(b)(6) [23]**

This matter is before the Court on Defendant Verizon Wireless's second motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket no. 23.) Plaintiff filed a response on February 12, 2016, and Defendant Verizon Wireless filed a reply on February 23, 2016. (Dkt. nos. 25, 26.) The Court held a hearing on this matter on April 13, 2016.

**I.   FACTS**

Plaintiff Candace Anderson brought this action on October 21, 2015, and filed a first amended complaint on December 17, 2015. (Dkt. no. 15.) Plaintiff is an individual and resident of Oakland County, Michigan. Defendant MRS BPO, LLC ("MRS"), is in the business of collecting debts and conducts business in Michigan. (Am. Compl. ¶ 4; MRS BPO Answer ¶ 4.) Plaintiff alleges that Defendant Enhanced Recovery Company, LLC ("ERC") is also a company that collects debts and conducts business in Michigan. (Am.

Compl. ¶ 4.) Plaintiff voluntarily dismissed ERC from this action with prejudice on December 24, 2015. (Dkt. no. 19.) Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon" or "Defendant Verizon") is "a general partnership formed under the laws of the State of Delaware," "has four partners in total and is indirectly, wholly owned by Verizon Communications Inc." (Verizon Wireless's Corp. Disclosure St., dkt. no. 9.)

This matter involves the collection on a Verizon account established in Plaintiff's name. (Am. Compl. ¶ 7.) Plaintiff alleges that her identity was stolen sometime prior to April 2014 and that the opening of the account stems from that identity theft. (Am. Compl. ¶ 9.) Plaintiff alleges the following series of events:

• On or around May 2014, Plaintiff "filed a police report and disputed the account and others with Verizon directly." (Am. Compl. ¶ 10.)

• On May 27, 2014, Verizon sent an email to Plaintiff "stating that Verizon completed an investigation and concluded that Ms. Anderson is not responsible for the account." (Am. Compl. ¶ 11.)

• Plaintiff "has engaged in repeated efforts to identify the perpetrator and to free herself of the debt collectors, including ERC and MRS, who have attempted to collect from her" and "[d]espite [her] efforts, ERC and MRS have continued their unlawful collection attempts." (Am. Compl. ¶¶ 12, 13.)

Verizon has not yet filed an answer, but with respect to Plaintiff's allegations of identity theft, Verizon's second motion to dismiss takes issue with Plaintiff's explanation of events, noting that its own "investigation of the matter showed indicia that Plaintiff may have committed 'first party fraud', thereby making her a cooperating perpetrator, as opposed to an innocent victim, in the context of an alleged identity theft situation." (Def. Verizon's Second Mot. Dismiss n.1, dkt. no. 23.)

Plaintiff's complaint alleges that prior to October 21, 2014, Verizon engaged ERC to

2

collect a debt[1] owed by Plaintiff and/or ERC purchased the debt from Verizon. (Am. Compl. ¶¶ 16, 17.) On or about October 21, 2014, ERC sent a collection letter addressed to Plaintiff, indicating that Plaintiff owed a principal balance of $1,401.74 and an additional $252.31 in collection fees. (Am. Compl. ¶¶ 20, 21.)

Plaintiff alleges that prior to April 24, 2015, Verizon engaged MRS to collect a debt owed by Plaintiff and/or MRS purchased the debt. (Am. Compl. ¶¶ 27-30.) On or about April 24, 2015, MRS sent a collection letter to Plaintiff indicating that the principal balance of $1,401.74 and collection fees of $252.31 were due and owing. (Am. Compl. ¶¶ 31, 33.) On May 5, 2015, Plaintiff responded to the collection letter by disputing the collection, and requesting specific documents to verify the debt, as well as an accounting statement for the debt, showing the collection fees that had been added and for what purpose. (Am. Compl. ¶ 37.) Plaintiff alleges that after receiving Plaintiff's dispute letter, MRS contacted Verizon to obtain verification of the debt. (Am. Compl. ¶ 38.) In response, Verizon produced to MRS a single billing statement. (Am. Compl. ¶ 39.) Plaintiff alleges that Verizon falsely represented that the alleged debt belonged to Plaintiff by producing the billing statement in response to the dispute letter. (Am. Compl. ¶ 40.) MRS produced the billing statement from Verizon to Plaintiff. (Am. Compl. ¶ 42.) Plaintiff alleges that she informed MRS that she was a victim of identity theft and did not open the account, yet MRS failed to verify that Plaintiff owed the debt. (Am. Compl. ¶ 43.)

MRS continued collection efforts against Plaintiff and sent a second collection letter on or around June 5, 2015. (Am. Compl. ¶ 44.) The second letter indicated that Plaintiff

---

[1]Plaintiff does not concede that the debt is owed; she refers to it as an "alleged debt" in the amended complaint. (Am. Compl. ¶ 16.)

owed the same amounts. (Am. Compl. ¶ 44.)

Plaintiff alleges the following as to Defendant Verizon, regarding both ERC's and MRS's collection activities:

- Verizon engaged ERC, and later MRS, to collect the debt after Verizon had already concluded that Plaintiff did not owe the alleged debt. (Am. Compl. ¶¶ 18, 29.)

- ERC's and MRS's false representations regarding the amount of the debt owed were a direct result of "Verizon's false representations to ERC [and MRS] that [Plaintiff] owed the alleged debt and Verizon's failure to notify ERC [and later, MRS,] that, upon Verizon's own investigation, [Plaintiff] did not owe the alleged debt; and/or . . ERC's [and MRS's] own actions in falsely representing that [Plaintiff] owed the alleged debt." (Am. Compl. ¶¶ 24, 36.)

- In response to the dispute letter, Verizon produced to MRS a single billing statement as purported verification of the alleged debt and by producing the billing statement in response to the dispute letter, Verizon falsely represented that the alleged debt belonged to Plaintiff. (Am. Compl. ¶¶ 39, 40.)

Plaintiff's single claim against Defendant Verizon arises under Count III, in which she alleges violation of the Michigan Collection Practices Act (MCPA), Mich. Comp. Laws § 445.252. Defendant Verizon moves for dismissal arguing that Verizon is not subject to and did not violate the MCPA, where Plaintiff does not allege that Verizon communicated directly with her, the debtor, in an attempt to collect the debt at issue.

## II. LEGAL STANDARD

Defendant Verizon brings this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Sixth Circuit noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains

4

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted). Furthermore, while the "plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Estate of Barney*, 714 F.3d at 925 (citing *Iqbal*, 556 U.S. at at 679; quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Finally, the Court must keep in mind that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555 (citation omitted).

## III.  ANALYSIS

Plaintiff argues that Defendant Verizon's actions violated the Michigan Collection Practices Act (MCPA), including Mich. Comp. Laws § 445.252, when Verizon made false representations related to the debt. (Am. Compl. ¶¶ 36, 40, 48.) The MCPA is "an Act to regulate the collection practices of certain persons . . . ." Mich. Comp. Laws Ch. 445. It defines a "regulated person" as "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

5

Mich. Comp. Laws § 445.251(g). Plaintiff alleges that Verizon is a "regulated person" under the Act. Defendant Verizon conceded both at the hearing and in its response that, for purposes of the instant motion, it is a "regulated person" as contemplated in Mich. Comp. Laws § 445.251.[2] (Def.'s Mot. Dismiss 5, dkt. no. 23.) Yet Defendant Verizon argues that even a "regulated person" "must have violated at least one of the prohibitions contained in MCL 445.252 if liability is to be imposed on that individual or entity." (Def.'s Mot. Dismiss 5, dkt. no. 23.)

Section 445.252 enumerates several actions that violate the Act and the applicable provision here is subpart (e):

Sec. 2. A regulated person shall not commit 1 or more of the following acts:

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

Mich. Comp. Laws § 445.252(e).

Verizon reads into subsection (e) a requirement that it have made the communications at issue directly to the debtor. For this argument, Verizon relies on subsection 445.252(a), which prohibits "[c]ommunicating *with a debtor* in a misleading or deceptive manner, . . ."[3] (Emphasis added.) Defendant Verizon argues that it cannot have violated the Act because

---

[2] In the first Complaint, Plaintiff cited Mich. Comp. Laws 445.251(g)(ii), apparently alleging that Verizon Wireless was a "state or federally chartered bank when collecting its own claim." (Compl. ¶ 57, dkt. no. 1.) That provision was not cited in the amended complaint and there is no allegation that Verizon is acting as a state or federally chartered bank.

[3] "(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau." Mich. Comp. Laws § 445.252(a).

it did not "communicate" with the debtor (Plaintiff) in a misleading or deceptive manner. Plaintiff, of course, reads the Act more broadly, noting that while subsections (a), (f) and (g) prohibit certain actions in "[c]ommunicating with a debtor," subsection (e) prohibits "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim *in a communication to collect a debt.*" (Pl.'s Resp. 11, dkt. no. 25, emphasis added.) The Act defines "communicate" as "the conveying of information regarding a debt directly or indirectly to a person through any medium." Mich. Comp. Laws § 445.251(c). A "person" is defined as "an individual, sole proprietorship, partnership, association, or corporation." Mich. Comp. Laws § 445.251(f).

Defendant has failed to provide legal authority clearly in support of its argument. The cases cited by Defendant Verizon are factually distinguishable. For example, this Plaintiff has plead enough facts to state a plausible claim that a false communication was made by Defendant Verizon: Plaintiff alleged that Verizon notified her that she was not responsible for the account, yet represented to MRS that Plaintiff owed the alleged debt.[4] (Am. Compl. ¶¶ 11, 40, 48.) *Cf. Newman v. Trott and Trott, P.C.*, 889 F. Supp. 2d 948 (E.D. Mich. 2012) (the plaintiff failed to allege that the defendant violated any specific provision of the MCPA); *Capital One Bank USA, N.A. v. Ponte*, Mich. Ct. App., *unpublished*, (Dec. 19, 2013) (No. 307664) (Def.'s Mot. Ex. 5, dkt. no. 23-6) (Michigan Court of Appeals found the plaintiff had "made no specific factual allegations in his complaint, or at oral argument, that they [defendants Capital One and Citibank] engaged in any conduct in violation of the Act

---

[4]Defendant's arguments regarding the factual basis of these allegations are to be resolved in Plaintiff's favor in this motion to dismiss. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true").

[MCPA]." *Id.* at 5. The court also noted that the actions alleged against third-party defendant Shermeta were actions that were "not directly concerned with Shermeta acting as a debt collector and its collection of the debt owed by [plaintiff]." *Id.* at 6.)

The remaining issue is whether the alleged communication is the type of communication proscribed by Mich. Comp. Laws. § 445.252(e). This alleged false communication was made by Verizon in response to Plaintiff's dispute letter and was ultimately, if indirectly, communicated to Plaintiff and "directly concerned" the collection of a debt allegedly owed by Plaintiff. *See Capital One Bank*, No. 307664 at 6; Mich. Comp. Laws § 445.252(e).

The Court finds that, in the context of these specific facts, the plain language of the Act does not foreclose action against Defendant Verizon under Mich. Comp. Laws § 445.252. The alleged communication was directly concerned with the collection of a debt- that was its purpose- and Plaintiff has plead enough to state a plausible claim for relief against Defendant Verizon.

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Verizon Wireless's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (dkt. 23).

So ordered.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  April 21, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 21, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel

Case Manager